We'll call the case a Cooper v. Ashland, but I think we are, at the moment, Ashland. Is this correct, Mr. Cooper's not here? That's correct. And rather than have you had made a trip all the way to San Francisco, while it's a nice city and all, in vain, would you like to say a few words? I would, please, if I might. Janet Schreier may I please have the floor? You do have a client, right? I do. I have seven. You don't have to. And they know I'm here, and I'm authorized to appear on their behalf. Okay. Janet Schreier on behalf of the Defendant's City of Ashland and the individual employee defendants. This is a case that needs to be over. This is a case that's been going on, the underlying facts started in the early 80s. And perhaps Mr. Cooper's failure to appear today is his tacit acknowledgment or admission on his part that he's ready for it to be over as well. Well, he sort of said that at various points, but he's also at various times been hard to communicate with and whatever. All right. Well, and he has what medical people call a passive-aggressive personality, from what I can discern, in that, you know, he'll say, oh, yeah, everything's great, this is fine, and then he won't sign the agreement. Or I move to take this case, for instance, under advisement without argument. He didn't object. The court didn't allow my motion. If he wasn't going to show up again, why doesn't he say? He wants everything, and then that's all. Could I ask a question? This goes back to the 1990s when this original settlement process took place. It's somewhat ‑‑ I think it's somewhat unusual, but I could be wrong, and that's why I'm asking the question, as to what Judge Hogan's role was and how this came about, that he should wind up ‑‑ I can understand how he winds up mediating the settlement. I take it there was a waiver of him as trial judge. Everybody agreed to his stepping out of the adjudicative role, in that sense, to sit with the parties and try and work out a sense of settlement. That's correct? Yeah, that's correct. I don't believe Judge Hogan was even the originally signed trial judge. That's what I couldn't figure out. I don't believe you can tell from this record, and I don't believe it's the case, and Judge Hogan is a very active advocate for ‑‑ I know that. I sit on the ADR committee with him. That's why I'm trying to explore how this arose, because this dispute is in this court in part because of the role he assumed, and I'm just trying to understand the dynamic of how this came about, because what happened is that the settlement mediator, who happens to be the federal judge or a federal judge, and that's what I couldn't tell, number one, whether he was the trial judge as well or not. No. I think he was not. And the practice in the Oregon District Court and in virtually every venue I've ever been in is if you were the trial judge when you mediate it, you no longer will be. I don't believe the disciplinary rules allow it, and in no event have I ever seen it occur that if you are the trial judge, that you continue with that role after you mediate a dispute, and I don't believe anyone thought that was going to be the case with Judge Hogan. That's okay. Just let me, if I could finish the process point then. So then Judge Hogan arrives with this mediated settlement that goes on the record, and then the parties jointly agreed, as I read the record, that he would be the determiner of whether or not the letter that your folks were supposed to submit was adequate, and both that that was agreed to, and then it went through this somewhat protracted process. Was there any discussion about the propriety of having the judge act in that capacity? Was that part of the negotiation or discussion, or is everything certain? No. There's nothing on the record to that effect. I know of nothing to that effect. It's an unusual circumstance, and frankly, you know, when the case came down upon which the appeal that's already gone on in this case occurred, that was really the first time that came up. The parties were assuming, and as you can see from the record, Mr. Cooper certainly was believing that Judge Hogan was going to be the guy who was going to not only be the arbiter of the issue about whether we met the engineering issue, but that he was going to be, in Mr. Cooper's view, the enforcer of this settlement agreement. No. I guess it's sort of for ADR processes in general, it's awkward when the mediator ultimately, when the agreement winds up in dispute over its enforcement, the federal judge then has to become a recipient witness. And without belaboring that, I'm just curious about whether you're aware of any other circumstances where a sitting federal judge has assumed the role of a key decision maker, exposing himself or herself to becoming a witness to the enforceability. I don't, although Judge Hogan in his testimony said he has had, he didn't go into detail, nor was he asked to, but he's had other cases, I believe involving settlement, where he has had to go on and be a witness. Again, I don't know the background or history of that. I thought it was interesting as I was reviewing the cases to argue before you today that one of the cases plaintiffs cited called Jessup v. Luther out of the Seventh Circuit, Judge Posner made an interesting observation, because I was thinking the same thing, kind of a weird arrangement, you don't usually see this. But he talked about the fact that litigants may negotiate with more confidence if they know a neutral third party, namely the judge presiding over their case, will look over the settlement agreement, note any problems, and be the arbiter of it. Now, he was looking at it in a different circumstance, but as you can see from the record, comments from Judge Hogan and from the record reflecting, Mr. Cooper is a difficult individual, and I think the parties here just thought that it would have more force and effect and it would be more likely that Mr. Cooper would carry forward his stated intention for settlement if there was a federal judge mediating his case. I understand why parties opt for a judicial officer being involved in the settlement process and in the enforcement. What this has exposed is that when that judicial officer becomes sort of the ultimate decision maker on an element of the settlement and then his judgment then comes into question, he winds up being sued, winds up as a witness in court. It's just a structural issue that created some doubt in my mind as to the wisdom of it. I don't, you know, that's why I was trying to get a little more background on the context. Again, going back, realizing this is in the early days of mediation and all of that, a more structured ADR concept was beginning to emerge. And, yeah, it is, I mean, in this case it is an unusual circumstance, but it's part of the bargain. You get more leverage, so to speak, out of your settlement in hopes that you never go to court. But on the other hand, the downside is if you don't get your way, who's going to be the witness to talk about the terms of it? So it's simply a bargain that parties can and in this case did accept. Mr. Cooper's testimony, bless you, clearly reflects in the trial court that he accepted this agreement and then that was his understanding. And his conduct also reflects that he called upon Judge Hogan multiple times to enforce or to be the arbiter of the terms and under the circumstances before the court of appeals decision previously to enforce the actual terms of it. The bottom line in the context of the assignment of error before you, however, is that the court let in this testimony. It's an abuse of discretion standard. It really gets down to plaintiff waived a number, this argument in our view, for a number of reasons. But if you got down to the merits of it, you give considerable deference to the trial judge in making that decision. And can you say it was an abuse of discretion to let this very relevant witness with relevant testimony provide the insight that he had? It's essentially a two-party agreement with one guy who was there when they made it. I mean, it is the most relevant witness and a very neutral witness. And while he was a powerful and, again, extremely relevant witness, and we can understand that it probably hurt Plaintiff's case, not improperly so. So under the standard of review employed by this court, I don't believe that there's a basis in this record for reversal of the trial court decision. Do we have anything in the case might become easier or more difficult depending on whether or not this initial case that was settled was filed and assigned to Judge Hogan? Is there something in the record from which we know whether or not it was actually a case pending in front of him? I understand what you're telling me about the practice, but is there something in the record from which I can make sure that that's so? I couldn't find anything in the record to that effect because I looked for that in the last couple of days. But, again, I think you have to look at it in did he go forward and do anything? Was he actually going to undertake the role of that? Here, when he stopped at mediator and the case settled and that original case was dismissed with prejudice, whether he later comes on and testifies in a subsequent breach of contract case, I don't think makes this case fall under Rule 605, which I assume is what you're underlying. The one reason that seems to me to make it easier or harder, I think I can deal with it if it's harder, but it's harder if when he was conducting the settlement negotiation and when the agreement then that he, I mean, the only thing I know about the agreement is I read the transcript. I don't think it was ever reduced to writing except in the sense that what went on in open court was reduced to writing. He says satisfactory to me. Well, is that to me in my capacity as a sitting federal district judge or is it to me in my capacity as me? And, of course, he just says me. Now, if it's in my capacity as a sitting federal district judge, then I begin to ask things like, well, is that dependent upon your having subject matter jurisdiction? And if it's dependent upon his having subject matter jurisdiction, we know that he didn't. I'm inclined to think that it was not so dependent and that me meant, well, I'm here looking like a judge, but I'm not. But there's an ambiguity here, but you can't help me out. I don't think the record provides that information, but I think you look, you know, in this case post-trial at any inferences in a manner most favorable to the party who prevailed at trial below. I think that's as much as you can do for me on that point. Thank you. In addition to the Judge Hogan issue, plaintiff also raised a jury instruction issue, and I would ask that you not reach that because the instruction they presented is even improperly in the record. It was never presented to the trial court. They just made one up and put it in the excerpt of record. So we'd ask that you not go there. On the recusal issue, again, this is another issue of plaintiff. When he doesn't get his way, then the other person must have been biased or conspiratorial or otherwise having sued Judge Hogan for conspiracy and other things. Now he wants this judge off without having asked her to get off for impartiality. The impartiality he's claiming simply stems from the case, and that's not an appropriate basis upon which to require impartiality. In the event you are going to send it back, we ask that you reverse the decision transferring the case down here to California. In order to have a form of nonconvenience transfer, as I understand this ruling, you have to have been able to bring the case in the transferee or transferor court in the first instance and the judge didn't, Judge Aiken didn't even analyze that factor or even mention it. That factor could not be met here because there was no personal jurisdiction here in California. It wasn't a place where venue was appropriate to begin with. So in the event, which I hope is unlikely, that it comes back, we'd ask that you bring it back and let us retry it in the State of Oregon. That was your one down here. That's true. Maybe you ought to keep it in California. He doesn't come down for anything. That's true. It's been lovely coming down for the argument, though. I think he's in California, right? My understanding is his last address is here in San Francisco. That's what he said in the trial court transcript in December of 2002. Thank you very much. I hope your trip was a pleasant one. Thank you. It has been. It's my first trip to this court. I've been to the Ninth Circuit in Portland, but I love it here. This is great. Good. The case of Cooper v. Ashland is now submitted for decision. We thank counsel for her useful argument. And the last one on our argument list this morning is Panucci and Leamy Farms v. United Agri Products.
judges: Beezer, W. Fletcher, Fisher